IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA ALLEN-SMITH, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:24-CV-362-G-BK |
| | § | |
| UNITED STATES MARSHALL, ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On February 15, 2024, Plaintiff Joshua Allen-Smith (Smith) filed a complaint for damages, naming as defendants "U.S. Marshall/F.BI." Doc. 3 at 1. Smith's handwritten complaint alleges *in toto*:

> I (Joshua Allen-Smith), have Suffered a great deal at the hand of U.S Marshal and or F.B.I investorgators. UnLawful Interactions includes, but not Limited are as follows.
> * Involment of spouse or wife (Lead to Divoice)
> * Refuseal of employment with no adjudcated judge
> * Damage to Self and Home for Last 7+ years
> Suit Amount 8M

Doc. 3 at 1.

In the *Civil Cover Sheet* accompanying the nonsensical complaint, the boxes are checked for diversity jurisdiction, federal employees' liability, employment civil rights, and other civil rights for the nature of suit. *Id.* Smith also describes his cause of action as "[i]nvolvement of spouse testimony/refused employment" and "[r]esolution caused a divorce that was caused by USA." Doc. 3 at 2.

Upon review, the Court concludes that regardless of Smith's obvious failure to state a cogent legal claim, the Defendants are immune from suit. Thus subject matter jurisdiction is lacking, and this action should therefore be dismissed *sua sponte*.[1]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Sovereign immunity is a jurisdictional matter. *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014). And the plaintiff, as the party asserting subject matter jurisdiction, bears the burden of establishing that it exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held

---

[1] Because jurisdiction is lacking, the Court need not address the many deficiencies in Smith's pleadings and motion to proceed *in forma pauperis* or require compliance with the Court's filing requirements.

to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, the Court lacks jurisdiction over Smith's claims for damages against the presumed Defendants—the United States Marshal Service and the Federal Bureau of Investigation (FBI).

Under the doctrine of sovereign immunity, the United States government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (cleaned up and citations omitted)). And the sovereign immunity of the United States extends to its agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Thus, Smith's claims against the U.S. Marshal Service and the FBI for monetary compensation are barred by sovereign immunity. *Id.* at 484; *Leonard v. Couns. ROLT*, No. 3:20-CV-00360-D-BT, 2021 WL 742892, at *5 (N.D. Tex. Jan. 8, 2021) (holding U.S Marshal Service is protected by sovereign immunity), *R. & R. adopted*, 2021 WL 736264 (N.D. Tex. Feb. 25, 2021); *Jenoriki v. U.S. Postal Inspection Serv.*, 24 F.3d 240 (table), 1994 WL 243467, at *1 (5th Cir. May 23, 1994) (per curiam) (same as to the FBI). Further, a *Bivens* cause of action may not be brought against a federal agency.[2] *Meyer*, 510 U.S. at 486.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,*

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Smith's complaint demonstrate a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Smith's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 1, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).